IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER C. BRONSON, an individual, and CAROLYN P. BRONSON, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation; EMC MORTGAGE CORPORATION, a Delaware corporation; EMC MORTGAGE REAL ESTATE SERVICES INC., a Delaware corporation; JP MORGAN CHASE BANK, N.A., a New York corporation, a/k/a CHASE HOME FINANCE, LLC; MARIN CONVEYANCING CORPORATION, a California corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; MERSCORP, INC., a Delaware corporation; GREENPOINT MORTGAGE FUNDING, INC., a New York corporation; GMAC MORTGAGE LLC; STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., a Delaware corporation, aka STRUCTURED ASSET MORTGAGE INVESTMENTS II INC, GREENPOINT MTA TRUST 2005-AR-5; WELLS FARGO BANK, NATIONAL ASSOCIATION, a United States bank, in its own capacity and also as Trustee for STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., GREENPOINT MTA TRUST 2005-AR-5; and DOES 1 through 600, inclusive,<br><br>        Defendants.<br>_____ | 2:11-cv-03242-GEB-GGH<br><br>ORDER |

1

Plaintiffs ex parte motion to remand this case to the state court from which it was removed has prompted the Court to sua sponte consider whether subject matter removal jurisdiction exists. This case was removed from the California Superior Court in the County of Nevada based on diversity removal jurisdiction, which has not been shown to exist.

"The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Diversity jurisdiction "requires that the parties be in complete diversity[.]" Id. at 1090; 28 U.S.C. § 1332(a)(1).

Since the removant has failed to show diversity of citizenship removal jurisdiction, this case is remanded to the California Superior Court in the County of Nevada as required by 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

Dated: December 9, 2011

GARLAND E. BURRELL, JR.
United States District Judge